UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN LEGEND COOPERATIVE,<br><br>Plaintiff,<br><br>vs.<br><br>TOP LOT FARMS, INC.,<br>d/b/a Top Lot Processors,<br><br>Defendant. | 4:18-CV-04064-KES<br><br><br>ORDER GRANTING MOTION TO SPREAD RATIFICATION OF RECORD |

Plaintiff, American Legend Cooperative (ALC), moves to spread ratification of record, or in the alternative, grant leave to add Certain Underwriters at Lloyd's of London (Lloyd's) as a party plaintiff under Federal Rule of Civil Procedure 17. Docket 72. Defendant, Top Lot Farms, Inc., d/b/a Top Lot Processors, does not object to joinder of Lloyd's but opposes ratification. Docket 73. For the following reasons, the court grants ALC's motion to spread ratification of record.

## BACKGROUND

On June 15, 2018, ALC brought suit against Top Lot, alleging two causes of action, negligence and bailment, stemming from the loss of mink pelts in a fire at Top Lot's processing facility. Docket 1 ¶¶ 13-16. At the time of the fire, mink farmers owned the mink pelts; ALC had no ownership interest in the pelts. Docket 70 at 12, 14. The mink pelts were covered by ALC's insurance

policy with Lloyd's. *Id.* at 4. ALC submitted a claim to Lloyd's for the value of the mink pelts, and Lloyd's paid the claim in full except for the $25,000 deductible, which ALC paid. *Id.* at 5. With the insurance proceeds, ALC paid the mink farmers for their full loss in the amount of $2,183,931.71. *Id.* ALC retained $280,470.29 of the insurance proceeds for its auction, marketing, and packing fees. *Id.*

In its complaint, ALC is named as the sole plaintiff. Docket 1. In its answer, Top Lot alleged the affirmative defense that ALC was not the real party in interest. Docket 9 ¶ 12. On June 11, 2019, Top Lot moved for partial summary judgment, arguing that ALC could not recover the value of the mink pelts because ALC did not own the pelts and was not the real party in interest. Docket 22 at 1. On December 16, 2019, ALC filed a cross motion for partial summary judgment, arguing that the undisputed facts showed that ALC was the real party in interest based on its ownership of the mink pelts. Docket 27 at 3, 9. Alternatively, ALC argued that it was the real party in interest under subrogation. *Id.* at 3-4.

In the order on summary judgment dated January 31, 2020, the court found that at the time of the fire, the mink pelts belonged to the mink farmers, and therefore, ALC was not a real party in interest for the value of the mink pelts based on its ownership. Docket 70 at 14. Additionally, the court found that under conventional subrogation, the claim for the value of the mink pelts was the sellers' and Lloyd's, not ALC's. *Id.* at 17. The court, however, found that ALC may be the real party in interest for the value of the mink pelts under

2

equitable subrogation. *Id.* at 20-21. The court left the issue of equitable subrogation open because material questions of fact existed. *Id.* at 21. In summary, the court denied summary judgment on the real party in interest issue and damages and granted summary judgment in favor of ALC on Top Lot's equitable estoppel defense. *Id.* at 34.

On February 24, 2020, Lloyd's executed a ratification of this action. Docket 72-1. The ratification states:

> Pursuant to Federal Rule of Civil Procedure 17(a), Certain Underwriters at Lloyd's of London . . . ratify on their behalf the commencement and continued pursuit of the above-captioned action by [ALC], and expressly agree to be bound by the results of the action, including any judgment relating to claims by the plaintiff ALC for damages, and to be bound by the results of any appeal therefrom.

*Id.* at 1.

On March 5, 2020, ALC filed a motion to spread the ratification of record, or in the alternative, add Lloyd's as a party plaintiff. Docket 72. Top Lot opposes the ratification but does not object to adding Lloyd's as a party plaintiff. Docket 73 at 1.

## DISCUSSION

Rule 17 of the Federal Rules of Civil Procedures states that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "A real party in interest is the person who, under governing substantive law, is entitled to enforce the right asserted." *Cascades Dev. of Minn., LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012) (internal quotation marks omitted). Under South Dakota law, the real party in interest

requirement is satisfied when the party bringing the lawsuit has a "real, actual, material, or substantial interest in the subject matter of the action." *Tri-State Refin. & Inv. Co., Inc. v. Apaloosa Co.*, 431 N.W.2d 311, 313 (S.D. 1988) (citation omitted).

Rule 17 further states that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). After the real party in interest has ratified, joined, or been substituted, "the action proceeds as if it had been originally commenced by the real party in interest." *Id.* This subsection of Rule 17 has dual purposes. First, it "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Crowder v. Gordons Transp., Inc.*, 387 F.2d 413, 418 (8th Cir. 1967), *rev'd on other grounds,* 419 F.2d 480 (8th Cir. 1969). Second, the rule protects defendants from subsequent actions by the party that is actually entitled to recover and insures "that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17(a) advisory committee's note to 1966 amendment; *see also* 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4454 (3d ed. 2020) ("Ratification has been accepted in some cases as a sufficient means of protecting the interests served by Rule 17(a), including the interest in securing a judgment that will preclude relitigation by the real party in interest.").

ALC moves to spread ratification of record. Docket 72 at 2. ALC contends that the attached ratification resolves any dispute regarding ALC's right to recover the full amount of damages and act as the proper party plaintiff. *Id.* at 3. ALC argues that there is no risk of double recovery by ALC or any risk of Top Lot being exposed to additional lawsuits. *Id.*

"Formal joinder or substitution of the real party in interest will not be necessary when the real party ratifies the commencement of the action." 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1555 (3d ed. 2020). The Eighth Circuit has stated that "ratification of the lawsuit under Rule 17(a) by . . . a . . . real party[] satisfied the requirement that every action be prosecuted in the name of the real party in interest[.]" *Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc.*, 149 F.3d 794, 797 (8th Cir. 1998) (summarizing Rule 17(a) as "providing for continuation of lawsuit not brought by real party in interest when real party in interest ratifies, joins, or is substituted in lawsuit[.]"); *see also Wood v. PACCAR, Inc.*, 2020 WL 1494068, at *6 (N.D. Iowa Mar. 27, 2020) (" 'An agreement which ratifies the commencement and continuation of an action or reassigns the respective interests is normally sufficient under Rule 17 to cure any real party in interest defects.' " (quoting *DeVries v. Weinstein Int'l Corp.*, 80 F.R.D. 452, 459 (D. Minn. 1978))).

Here, under Rule 17(a), Lloyd's executed the Ratification of Certain Underwriters at Lloyd's of London for Action Brought on Their Behalf by Plaintiff American Legend Cooperative. Docket 72-1. Lloyd's ratified the

5

bringing of this action brought in the name of ALC and agreed to be bound by the results of the action and by the results of any appeal therefrom. *Id.* at 1. Thus, because Lloyd's, the real party in interest, ratified ALC's commencement of the action, joinder or substitution of Lloyd's, is not necessary.

Top Lot contends that the court should not allow relief under Rule 17(a)(3) because several courts have held such relief is not available when the real party in interest has been omitted "by a deliberate, strategic decision, rather than an understandable mistake." Docket 73 at 3-4. Top Lot alleges that the decision to pursue the claim for the value of the mink pelts in the name of ALC rather than Lloyd's was a strategic decision, not a mistake. *Id.* at 4. ALC argues that it "reasonably believed" that filing this claim for its deductible and for recovery on the subrogation claim was dictated by South Dakota case law. Docket 75 at 5 (citing *Parker v. Hardy*, 41 N.W.2d 555, 556 (S.D. 1950)).

There is no evidence that ALC engaged in deliberate, tactical maneuvering when it brought this action in its own name. In commencing this action and during the summary judgment stage, ALC based its claims on its ownership of the mink pelts and subrogation. Docket 75 at 5. In the court's summary judgment order, the court found that ALC had no ownership interest in the mink pelts. Docket 70 at 14. But the court denied summary judgment on the subrogation issue because questions of material fact existed whether ALC was equitably subrogated to the rights of the sellers. Docket 70 at 20-21. The court stated, "[i]f ALC is equitably subrogated to the rights of the sellers, it is the real party in interest for the value of the mink pelts." *Id.* at 21. Thus, it is

6

an understandable mistake that ALC was named the sole plaintiff based on subrogation, rather than a strategic decision.

Next, Top Lot argues that ALC's request to ratify or join was not made within a reasonable time after Top Lot's objection. Docket 73 at 4-5. "What constitutes a reasonable time is a matter of judicial discretion and will depend upon the facts of each case." 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1555 (3d ed. 2020). Top Lot cites to an Eighth Circuit decision where the Court of Appeals upheld a district court's dismissal under Rule 17(a). Docket 73 at 4-5 (citing *Consul Gen. of Republic of Indon. v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1047-48 (8th Cir. 2003)). The court found that the plaintiff had reasonable time to ratify, join, or substitute the real party in interest prior to the dismissal because he "was aware of the objection concerning [his] real party in interest at least 18 months prior to the district court's ruling on the issue." *Consul Gen. of Republic of Indon.*, 330 F.3d at 1047.

Top Lot first raised the real party in interest issue in its answer filed on July 2, 2018. Docket 9 ¶ 12. Because ALC was not automatically expected to file responses to all the other defenses which were raised in the answer, it was reasonable that ALC did not respond specifically to the real party in interest objection before it was raised by Top Lot's motion for partial summary judgment. The court denied the motions for partial summary judgment on January 31, 2020. Docket 70. At that time, the court found that ALC was not the real party in interest based on its ownership or conventional subrogation,

7

but that it could be the real party in interest under equitable subrogation. *Id.* at 14, 17, 20. On March 5, 2020, ALC filed its motion to ratify. Docket 72. Though Top Lot's original Rule 17(a) objection was made in its answer, its defense was based solely on the ownership issue, not subrogation. And after summary judgment, it remains an open issue whether ALC is entitled to recover the value of the mink pelts under equitable subrogation. Thus, the court finds that ALC's ratification motion was filed in a reasonable time because the motion was filed approximately two months after the court's ruling on the issue.

Also, this case is distinguishable from *Consul General of Republic of Indonesia*. First, the procedural posture of the cases is different. In *Consul General of Republic of Indonesia*, the court dismissed the case after granting summary judgment in favor of the defendants. 330 F.3d at 1044. Here, the court denied summary judgment, allowing the action to proceed to trial. *See* Docket 70. Second, the plaintiff in *Consul General of Republic of Indonesia* never moved to join, substitute, or ratify under Rule 17(a). Instead, he waited to ask for additional time to become the real party in interest until after the district court dismissed the case. 330 F.3d at 1044. Conversely, here, ALC moved to ratify after the court denied summary judgment on the real party in interest issue, and the issue of equitable subrogation was left open for a jury determination.

Furthermore, Top Lot would not be prejudiced if ALC is allowed to proceed as the real party in interest after ratification

8

. The claims and factual allegations involved in the action will not be altered in any way.

After carefully reviewing the facts and circumstance of this case, the court concludes that ratification is appropriate because the ratification agreement at this stage in the proceedings serves both purposes of Rule 17(a). It will protect Top Lot from a subsequent action by Lloyd's, the real party in interest, and it will avoid the injustice of Lloyd's forfeiting its claim for the value of mink pelts. This ratification cures any real party in interest deficiency, and the action proceeds as if it had been originally brought by the real party in interest.

## CONCLUSION

Lloyd's, the real party in interest for the value of the mink pelts, has ratified within a reasonable time. Thus, it is

ORDERED that ALC's motion to spread ratification of record (Docket 72) is granted.

Dated August 6, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE